[Civ. No. 5912.   Fourth Dist.   Jan. 13, 1959.]

DALE E. BUNCH, Appellant, v. FRANCIS HENDERSON et al., Respondents.

*Assigned by Chairman of Judicial Council.

Marshall L. Miles for Appellant.

Paul B. Wilson for Respondents.

SHEPARD, J.—This is an action to recover a real estate broker's fee. After plaintiff rested his case the trial court granted a nonsuit. Plaintiff appeals from the judgment entered for defendants.

When considering a motion for nonsuit it is the duty of the trial court to give to plaintiff's evidence its full legal weight, to disregard all evidence conflicting therewith, and to give plaintiff the advantage of every legitimate inference that may be drawn from the evidence. After having done so, if there is any evidence of sufficiently substantial character to support a verdict in plaintiff's favor the motion for nonsuit must be denied. Thus, when an appeal is from a nonsuit, the appellate court must view the evidence in the light most favorable to the appellant. (*Raber* v. *Tumin*, 36 Cal.2d 654, 656 [1] [2] [226 P.2d 574].)

The rule is the same whether the trial is before the court with a jury, or before the court alone. (*Lasry* v. *Lederman*, 147 Cal.App.2d 480, 488 [10] [305 P.2d 663].)

Viewing the evidence in this light, it appears that on November 22, 1954, defendant Henderson signed a broker's real estate listing with plaintiff's employer assignor for the sale of 74 acres of land near Highland, California. Plaintiff

produced a prospective buyer named Ralph Padulla, showed him the property, and introduced him to defendant, making a suggestion for segregated sale of an area 100 by 200 feet containing the principal improvements in order to pay off an encumbrance. No decision was then reached by Padulla. Defendant later sold this property to one Edward Norris and plaintiff was informed of this by defendant near the end of December, 1954. This sale was within the time limit expressed in the plaintiff's brokerage agreement. Plaintiff at no time contended that the brokerage agreement was exclusive, and at the trial testified that it was a "non-exclusive" or "open" listing, and that plaintiff understood by their agreement that defendant had the right to sell the property himself or through another broker without paying any commission to this plaintiff.

In February, 1955, plaintiff was at a meeting of realtors at the office of the Southwest Management Company (where Padulla worked) and met a Mr. C. E. Justice, who worked in the same office as Padulla. Mr. Justice told plaintiff something about the defendant's property, apparently attempting to interest plaintiff in selling it. Plaintiff did not know of, nor offered any proof of, any contractual relationship between Justice and Padulla. Justice apparently was not available for testimony at the trial, and Padulla had died sometime previous thereto.

Norris was a T.V. actor. The deed from defendant to Norris was returned by the title company to the same address as that used by Padulla. Norris testified he was acquainted with Padulla; that he saw the property first in the summer of 1954 responsive to a newspaper ad; that he later talked to Padulla about it; that Padulla said he had seen the property and liked it; that he was not sure if this talk was before or after he (Norris) purchased the property; that he (Norris) after purchasing the property had Padulla assist him in selling the property and paid Padulla for such selling; that a piece 100 by 200 feet was sold by Norris to a third party; that the title company was never authorized to send the deed from defendant to Norris to the Padulla address; that Norris had never lived at that address; and that the only reason he could think of for their use of such mailing address was "They claimed he said he was my leg man." The testimony of Norris was as a witness for plaintiff. There was no claim of surprise and no offer to refute any part of it. It stands uncontradicted.

In order for plaintiff to recover he must prove that

he produced a buyer, ready, able and willing to buy the realty involved; that he was the procuring cause of the sale and not just one link in a chain of causes. It is not enough that he impart information that tends to arouse interest. (*Nelson* v. *Mayer,* 122 Cal.App.2d 438, 445 [5] [6] [265 P.2d 52].)

Plaintiff's evidence produces no more than a weak suspicion that there might have been some collusive dealings between Padulla and Norris. Actually, the most reasonable solution is that Padulla, not sufficiently interested to himself buy the property, upon Norris' inquiry gave Norris encouragement and advice just as Norris testified. However that may be, plaintiff's evidence falls far short of any proof of collusion between Padulla and this defendant, and the trial court's judgment of nonsuit was in order.

The judgment is affirmed.

Mussell, Acting P. J., concurred.